**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**ASHLAND**

**CRIMINAL ACTION NO. 0:26-CR-09-DLB**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**V.**              **MEMORANDUM ADDRESSING**
          **UNRESOLVED GUIDELINE OBJECTIONS**

**JORDAN COBB**                                          **DEFENDANT**

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the offense level calculated in the PSR is accurate, and the enhancements contained therein are appropriately applied.

a. Objection 1 – U.S.S.G. §2G1.3(b)(2)

U.S.S.G. §2G1.3(b)(2)(B) applies when "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." The commentary expressly provides that where the defendant is at least ten years older than the minor, there is a rebuttable presumption of undue influence. U.S.S.G. §2G1.3, n.3(B). Here there is no dispute that the defendant is well over ten years older than the minor victim. Accordingly, the presumption

applies, and the burden shifts to the defendant to demonstrate that his influence over the minor was not undue. He has failed to do so.

Beyond the age disparity alone, the facts strongly support that Cobb exerted undue influence over the minor victim. As noted in the PSR, Cobb was previously the victim's teacher, which at minimum placed him in a position of authority. Even though that relationship was not in place at the time of the offense, the residual effect of that authority inherent in the prior teacher/student relationship was still present.

Cobb's position as her former teacher notwithstanding, his conduct and its effect still render the application of the §2G1.3(b)(2)(B) enhancement appropriate. As is noted in the presentence report, Cobb's communications reflect calculated efforts to exploit the minor victim's youth, including engaging in sexually charged conversations that outline in graphic detail specific acts, the offer of illicit drugs, and a willingness to pull the child from class for sexual encounters. These communications are all designed to exert influence over the victim and compromise the voluntariness of her behavior.

Cobb's assertion that the child was not unduly influenced rests primarily on a conclusory assumption that she found the abhorrent messages from Cobb humorous. Cobb, in his objection, fails to account for his superior age, experience, authority, and the leverage exerted that was designed to overcome the minor's ability to make a voluntary choice. Given the substantial age difference and these deliberate efforts, Cobb fails to rebut the presumption of undue influence. §2G1.3(b)(2)(B) properly applies.

2

b. Objections 2 and 5: U.S.S.G. §3C1.1

Cobb objects to the application of an enhancement under U.S.S.G. §3C1.1 for the obstruction of justice. The enhancement for obstruction was applied in this case for conduct that initially formed the basis for Count Two of the Indictment in this case. That conduct is described in Paragraph 14 of the PSR. Cobb also objects to the facts outlined in Paragraph 14.

In essence, the minor victim, after having come forward in this case, reported that she was contacted via Facebook by an account with the display name "James Jones". The messages received by the victim were, in some cases, threatening in nature. Some of the messages included derogatory language about the victim and one simply said, "Bitch I know where you live." Notably, the James Jones account sent an image to the victim on one occasion that depicted Cobb holding his erect penis. Cobb's face was visible in the photo. This was not one of the photos that was sent in the initial attempted enticement. As a result of the messages, the minor victim received a restraining order in state court against Cobb. One of the messages, however, was sent after the restraining order was obtained.

In order for the enhancement under §3C1.1 to apply, the defendant must willfully obstruct or impede, or attempt to do the same, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense. U.S.S.G. §3C1.1. The application note provides a non-exhaustive list of examples which, importantly, includes threatening, intimidating, or unlawfully influencing a witness.

There is little question that the messages at issue were designed to threaten and intimidate. Further it seems clear that the intended purpose of the messages was to impede

3

or obstruct the administration of justice and the investigation of the crime of conviction, which was ongoing when the messages were received. Evidence, including the unique intimate photo of Cobb and the knowledge to contact the specific victim of the offense, tends to point to Cobb as the perpetrator of these messages. In full candor to the Court, the United States could not forensically link Cobb to the messages, and it is our understanding that Mr. Cobb denies any involvement. Given the evidence available at this time, and the burden of proof, it is the current position of the government that the enhancement should apply. The United States will provide testimony at the sentencing hearing regarding the evidence outlined above.

c. Objection 3 - §2G1.3(b)(1)(B)

Cobb also objects to the application of a 2-level enhancement pursuant to U.S.S.G. §2G1.3(b)(1)(B). That enhancement applies when, "the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. §2G1.3(b)(1)(B). The application note for the enhancement provides that the subsection "is intended to have broad application and includes offenses involving a victim less than 18 years of age entrusted to the defendant, whether temporarily or permanently." *Id*., n. 2(A). The note provides specific examples to include, importantly, teachers. *Id*. The note further instructs that the court should look to the "actual relationship that existed between the defendant and the minor" and not rely solely on the legal status of that relationship. *Id*.

There is no factual disagreement between the parties as to the legal status of the relationship between Cobb and the minor victim. While Cobb was not, at the time of the offense, the victim's teacher, he was her teacher the previous year. Indeed, Cobb taught at

the middle school, and at the time of the offense the victim had graduated to high school. If the Court, as the application note suggests, looks to the actual relationship that existed between the defendant and the minor, the appropriateness of its application becomes clearer. Not only had Cobb recently been "temporarily entrusted with her care", he also gained access to the child by virtue of his status as her teacher. On the last day of school, Cobb wrote his Snapchat handle on the blackboard and instructed students that they could add him as a friend. It was at that time the minor victim became Cobb's friend on snapchat. In examining the actual relationship between Cobb and the child, it is clear that he both knew the child and gained access through the means in which he attempted to entice her by virtue of his position as a teacher.

Furthermore, in assessing whether or not to apply an enhancement the Court may take into account all relevant conduct including acts "that occurred . . . in preparation . . . for that offense." U.S.S.G. §1B1.3. While Cobb was still unquestionably the victim's teacher, he gained access to the child via Snapchat—the means by which he later attempted to entice the child. Thus, he laid the groundwork for the offense of conviction while he was still her teacher. For those reasons, the application of the enhancement under U.S.S.G. §2G1.3(b)(1)(B) is appropriate.

Should the Court find that the enhancement under §2G1.3(b)(1)(B) does not apply, the United States agrees with the probation office that, for largely the same reasons outlined above, the enhancement under U.S.S.G. §3B1.3 may apply.

d. Objection 4: U.S.S.G. §2G1.3(b)(3)(B)

Cobb objects to the application of the enhancement in U.S.S.G. §2G1.3(b)(3)(B) for the use of a computer in the commission of the offense. While Cobb's objection appears to be "philosophical" in nature—based largely in that, given the ubiquity of computers, the enhancement is dated—the application of the enhancement is nevertheless appropriate in this case.

U.S.S.G. § 2G1.3(b)(3)(B) provides for an enhancement "if the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." The application note defines "computer" broadly, incorporating the definition found in 18 U.S.C. § 1030(e)(1), which includes any electronic device capable of data processing and communication, including smartphones.

Here, the facts squarely satisfy the enhancement. Cobb used both a cell phone and the Snapchat application, an internet based interactive communication platform, to attempt to entice the minor victim to engage in sex. The use of the phone or the Snapchat application independently would be enough to qualify for the enhancement.

While Cobb might have philosophical disagreements regarding whether or not the §2G1.3(b)(3)(B) enhancement is still necessary, there is no way to argue it does not apply to these facts. That said, the §2G1.3(b)(3)(B) enhancement still serves an important purpose in federal sentencing. Crimes against children are necessarily committed largely in secret. Prior to the ubiquity of the internet and computers, these crimes were facilitated in ways that were harder to accomplish and easier to detect. Simply put, computers,

6

smartphones, and the internet have been a boon for child predators. Because of these devices, those who wish to harm children can more easily identify victims to target, facilitate their offenses, and avoid detection. Now, crimes against children, such as the instant offense, can be committed with the relative privacy and safety the internet affords. Not only does the enhancement appropriately apply on these facts, its utility is still very much relevant regardless of the omnipresence computers have in modern society. For those reasons, the §2G1.3(b)(3)(B) enhancement should apply.

## CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Jordan Cobb's presentence report is correct, and the enhancements to his offense level contained therein are properly calculated.

Respectfully submitted,

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 202, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ <i>Justin E. Blankenship</i>
Assistant United States Attorney
